FILED

2017 Nov-08  AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 2:11-cv-01509** |
| **SALEM NURSING & REHAB CENTER OF REFORM, INC., THE MEDICAL CLINIC BOARD OF THE CITY OF REFORM, ALABAMA, and ALTACARE CORPORATION,** | |
| **Defendants.** | |

## JOINT MOTION TO TERMINATE AND DISCHARGE
## RECEIVER AND FOR RELATED RELIEF

COME NOW Derek Pierce of Healthcare Management Partners, LLC, as court-appointed receiver (the "Receiver"), and the Bank of New York Mellon Trust Company, N.A., as Indenture Trustee (the "Indenture Trustee," and with the Receiver, the "Movants") pursuant to this Court's *Order Appointing Receiver* (Docket No. 57) (the "Receivership Order"),[1] and move (this "Termination and Discharge Motion") the Court for an order authorizing the final disbursement of the remaining funds of the Receivership Estate, terminating the Receiver from his position, discharging the Receiver from his responsibilities as Receiver and from

---

[1] All capitalized terms not expressly defined have the meaning ascribed to them in the Receivership Order.

further supervision of the Court, and other relief deemed appropriate by the Court. As grounds for this Termination and Discharge Motion, the Movants state as follows:

1.     On March 18, 2014, the Court appointed the Receiver pursuant to the Receivership Order.

2.     Paragraph 6 of the Receivership Order provides that: "[a]ny party may move the court to terminate and dissolve the receivership created herein at any time upon a showing that the essential purposes of the receivership to preserve the assets of the Health Care Premises and to make required payments to the Trustee under the Bonds, Indenture, and Mortgage have been fulfilled." *See* Receivership Order, ¶ 6.

3.     As set forth more particularly below, the Receiver has fulfilled all of his duties under the Receivership Order.

### *Sale of Substantially All Assets of the Receivership Estate*

4.     On August 5, 2014, the Court entered its *Order Granting Receiver's Expedited Motion for Order (1) to Sell Substantially All Assets of the Receivership Estate Other Than in the Ordinary Course of Business Free and Clear of Liens, Claims, Encumbrances, and other Interests, (2) Establishing and Approving Bidding Procedures for the Sale of Substantially All of the Assets of the Receivership Estate, (3) Approving a Stalking Horse Bidder, Breakup Fee and*

*Overbid Provisions, and (4) for Related Relief* (Docket No. 74) (the "Bid Procedures Order"), thereby approving the Receiver's proposed process for selling substantially all of the assets of the Receivership Estate (the "Purchased Assets"). The Bid Procedures Order provides that the Indenture Trustee is the holder of the first-priority liens on the Purchased Assets. *See* Bid Procedures Order, ¶ 8.

5.     On September 12, 2014, the Court entered an Order (Docket No. 79) (the "Sale Order") approving the proposed sale of the Purchased Assets to Traylor-Porter Health Care Management, Inc. ("Traylor-Porter"). The Sale Order provides that all liens on the Purchased Assets, including the Indenture Trustee's first priority liens, attached to the proceeds generated by the sale thereof in the same order as existed prior to the sale. *See* Sale Order, ¶ 9.

6.     On November 13, 2014, the Receiver closed the sale of the Purchased Assets to Traylor-Porter for $3,646,760.97 (the "Sale Proceeds").

7.     On November 24, 2014, the Receiver filed its *Expedited Motion for Order Approving Partial Distribution of Sale Proceeds to Indenture Trustee* (Docket No. 87) (the "Partial Distribution Motion"), pursuant to which the Receiver requested approval to distribute a portion of the Sale Proceeds to the Indenture Trustee.

8.     On December 10, 2014, the Court entered an Order granting the Partial Distribution Motion (Docket No. 94) (the "Partial Distribution Order"). As

set forth therein, the Court approved the Receiver's immediate distribution of $2,956,666.00 to the Indenture Trustee but required the Receiver to holdback $243,334.00 for the benefit of the IRS, provided the IRS timely filed an objection to the distribution of this amount to the Indenture Trustee.  The IRS did not file an objection to the distribution of this additional $243,334.00; therefore, the Receiver remitted this additional amount to the Indenture Trustee, raising the total partial distribution of Sale Proceeds to the Indenture Trustee from $2,956,666.00 to $3,200,000.00.

### *Claims Administration Process*

9.    On November 24, 2014, the Receiver filed its *Expedited Motion to Approve (1) Proposed Verification Process, (2) Claims Bar Date and (3) Proposed Claims Distribution Method* (Docket No. 88) (the "Claims Motion"), seeking Court approval of a procedure for verifying claims, establishing a claims bar date, enjoining creditors from pursuing or otherwise asserting claims against the Receiver or Receivership Estate other than through the procedures set forth therein, and approving the Receiver's interim distributions of proceeds of the assets of the Receivership Estate.  The Court entered an Order (Docket No. 91) (the "Claims Order") granting the Claims Motion on December 11, 2014.

10.    On August 26, 2016, the Receiver filed its *Receiver's Claims Report* (Docket No. 126) (the "Claims Report") to notify the Court and interested parties

of its compliance with the Claims Order and its proposed treatment of timely-filed claims against the Receivership Estate.  As set forth more particularly therein, the Receiver noted that it intended to distribute all remaining assets of the Receivership Estate, including the Sale Proceeds and the Settlement Proceeds, to the Indenture Trustee based upon its first-priority liens on all of the Receivership Estate's assets after satisfying all approved administrative expense claims against the Receivership Estate.   Any and all objections to the relief requested in the Claims Report were to be filed within fourteen (14) days of the filing date of the Claims Report.  No objections to the Claims Report were filed.

### *Settlement with Defendants and Proposed Amendment to Settlement*

11.    In response to the Claims Order, the Defendants (as that term is defined in the Settlement Motion, which is hereinafter defined) filed proofs of claims in excess of $1 million (the "Healthcare Entity Proofs of Claims").

12.    On March 27, 2015, the Receiver, in furtherance of its duties to the Receivership Estate, sent a demand letter (the "Demand Letter") to the Defendants demanding payment of accounts receivable owing to the Receivership Estate and identifying various causes of action the Receivership Estate had against each of the Defendants (collectively, the "Estate Claims").  The Defendants responded to the Demand Letter by asserting various defenses to the Estate Claims and direct claims against the Receivership Estate and the Receiver (the "Defendant Claims").

13.  The Receiver and Defendants (collectively, the "Parties") subsequently agreed to submit to non-binding mediation in an attempt to resolve their respective claims against one another (the "Dispute").

14.  In order to efficiently resolve the Dispute in the best interests of the Receivership Estate, the Parties mediated the Dispute jointly with substantially similar, if not identical, disputes (collectively with the Dispute, the "Disputes") pending in (a) that certain federal receivership proceeding brought by The Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee for the bonds issued by The Medical Clinic Board of the City of Tuskegee, Alabama, styled *The Bank of New York Mellon Trust Company, N.A. v. The Medical Clinic Board of the City of Tuskegee, Alabama, Salem Nursing & Rehab Center of Tuskegee, Inc. and AltaCare Corporation*, Case No. 3:14-cv-00059, in the United States District Court for the Middle District of Alabama (the "Tuskegee Case") in which Healthcare Management Partners, LLC ("HMP") has served as court-appointed receiver (the "Tuskegee Receiver") over a 125-bed skilled nursing home facility in Tuskegee, Alabama formerly operated by AltaCare Corporation ("AltaCare"), and (b) that certain bankruptcy proceeding styled *In re Salem Housing Corporation, Inc.*, Case No. 05-44617-mgd, in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Case") in which Pierce has served as the Chapter 11 bankruptcy trustee (the "Chapter 11

4810-5492-7955.2

6

Trustee") of Salem Housing Corporation, Inc., which operated a 114-bed skilled nursing home facility in Jasper County, Texas, also formerly operated by AltaCare. As a part of the Mediation, the Mediator's fees and expenses were split equally among the Receivership Estate, the receivership estate in the Tuskegee Case (the "Tuskegee Estate"), the bankruptcy estate in the Bankruptcy Case (the "Bankruptcy Estate", together with the Tuskegee Estate and the Receivership Estate, the "Three Estates", or each an "Estate"), and the Defendants.

15.     The Parties' mediation efforts resulted in a comprehensive settlement of the Disputes (the "Settlement").  Specifically, the Defendants would be released from all claims held by the Three Estates in exchange for a withdrawal of the Defendants' claims against the Three Estates, including the Healthcare Entity Proofs of Claims, and payment of $700,000.00 (the "Settlement Proceeds") to the Three Estates, with $165,000.00 of this amount to be paid to the Receiver in this case.

16.     On July 23, 2015, the Receiver filed its *Receiver's Motion for Order (I) Approving Compromise and (II) Granting Related Relief* (Docket No. 108) (the "Settlement Motion"), whereby Receiver sought approval of the Settlement.  On October 13, 2015, the Court entered an Order (Docket No. 120) (the "Settlement Order") approving the Settlement.  The Settlement Order provides that the

Indenture Trustee has a first-priority lien upon all assets of the Receivership Estate, including the Settlement Proceeds. *See* Settlement Order, ¶ 5.

17.     In May 2016, the Defendants defaulted on their payment obligations under the Settlement by failing to remit the final balloon payment required thereunder.  The Receiver sent a notice of default and made demand upon the Defendants for payment of their remaining obligations under the Settlement. The Defendants have made subsequent periodic payments to the Receiver, which the Receiver, without waiving any default or rights, has received and applied to the balance of payments due under the Settlement.

18.     As of October 17, 2017, the Receiver had received $141,723.67 of the $165,000.00 to be paid to the Receivership Estate pursuant to the Settlement, leaving an unpaid balance of $23,276.33.  The Receiver and the Indenture Trustee have conferred and the Receiver has determined, due to the expense and of collecting the unpaid balance and cost of continuing to administer the Receivership Estate, that it is in the best interests of the Receivership Estate to satisfy this remaining balance by having Defendants remit a final, lump sum payment of $17,457.25 (75% of the remaining balance owed to the Receivership Estate under the Settlement) (the "Lump Sum Payment").

19.     The Defendants have remitted the Lump Sum Payment of $17,457.25 to their counsel, who is holding the Lump Sum Payment in trust pending the

Court's approval of this Motion.[2]  If the court approves the Lump Sum Payment, the Settlement will be fully consummated.

### *Wind-Down of Receivership*

20.   With the exception of certain *de minimis* assets, the remaining Sale Proceeds, Settlement Proceeds and collected accounts receivable are the only Receivership Estate assets for the Receiver to administer.

21.   All administrative expenses of the Receivership Estate, except for final administrative expense claims of Receivership Estate professionals, have been paid.

22.   After payment of the final, approved administrative expense claims of Receivership Estate professionals, all remaining cash on hand will be subject to the Indenture Trustee's first-priority lien.

23.   The Indenture Trustee is still owed $824,190.75 on account of its allowed claim against the Receivership Estate.

24.   Because the Receivership Estate assets have been administered and liquidated, there is no longer any need to maintain the receivership and the case is due to be dismissed.

---

[2] The Defendants also agreed to remit final, lump sum payments of 75% of the balances owing to the other two (2) Estates under the Settlement.
4810-5492-7955.2

25.   Movants request that the dismissal order (the "Dismissal Order", a proposed copy of which is attached hereto as Exhibit A) include the following provisions related to the wind-down of the case:

a.  Closure of the case and discharge and release of the Receiver and Receivership Estate professionals;

b.  Disposition and destruction of all records of the Receivership in the possession and control of the Receiver or his agents within thirty (30) days from the Receiver's filing of the Certificate (as defined in the Dismissal Order);

c.  Approval and payment of the final Receivership Estate professional fees and expenses;

d.  Distribution of the balance of funds in the Receivership Estate to the Indenture Trustee on account of its first-priority lien on all assets of the Receivership Estate;

e.  Findings that the Receivership Estate has been fully administered and liquidated;

f.  To the extent the Receiver is in possession of any remaining *de minimis* assets, the Receiver may return these remaining *de minimis* assets to the Defendants; and

g. Upon filing of the Certificate, any bond posted by the Receiver shall be terminated, and any previously paid, unearned premiums relating thereto shall be refunded to the Receivership Estate.

26. A proposed order granting the requested relief is attached for the Court's convenience.

WHEREFORE, premises considered, the Movants request this Court to schedule a hearing for this Termination and Discharge Motion between December 5, 2017 and December 7, 2017, and to enter the proposed order attached as Exhibit A terminating and discharging the Receiver and granting related relief. The Movants request such other and further relief as this Court deems just and appropriate.

Dated: November 8, 2017.

/s/ *J. Leland Murphree*
J. Leland Murphree
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Phone:        (205) 254-1000
Fax:          (205) 254-1999
E-mail:  lmurphree@maynardcooper.com

*Counsel for the Receiver*

- and-

4810-5492-7955.2

11

_/s/ Ryan K. Cochran_

Ryan K. Cochran (admitted *pro hac vice*)
Blake D. Roth (admitted *pro hac vice*)
**WALLER LANSDEN DORTCH & DAVIS, LLP**
511 Union Street, Suite 2700
Nashville, Tennessee 37219-8966
Phone:          (615) 244-6380
Fax:             (615) 244-6804
Email:          ryan.cochran@wallerlaw.com
                     blake.roth@wallerlaw.com

*Attorneys for The Bank of New York Mellon Trust Company, N.A., as successor indenture trustee*

4810-5492-7955.2

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following parties via First Class U.S. Mail or electronically through the CM/ECF system on this 8th day of November, 2017

VIA CM/ECF:

Lee Benton
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, Alabama 35203

Larry B. Childs
WALLER LANSDEN DORTCH & DAVIS, LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203
Phone: (205) 214-6380

Ryan K. Cochran
Blake Roth
Kathleen Steinberg
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Phone: (615) 244-6380

Reed Bates
Starnes Davis Florie LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL 35259

VIA FIRST CLASS U.S. MAIL:

William H. Thomas
Internal Revenue Service
1919 Smith — Stop 5022 HOU
Houston, TX 77002

Internal Revenue Service
Insolvency Office
801 Broadway - Mail Stop 146
Nashville, TN 37203-3816

Richard E. O'Neal
Assistant United States Attorney
1801 4th Avenue North
Birmingham, Alabama 35203

Alabama Department of Revenue
Collection Services Division
50 North Ripley St
Montgomery, AL 36132

Alabama Department of Revenue
Collection Services Division
PO Box 327820
Montgomery, AL 36132

Alabama Department of Revenue
Sales and Use Tax Division
50 North Ripley St
Montgomery, AL 36132

Alabama Department of Revenue
Sales and Use Tax Assessment Unit
PO Box 327720
Montgomery, AL 36132

Kelley Askew Gillikin
Assistant Counsel
Alabama Department of Revenue
3114 Gordon Persons Building
50 North Ripley Street
P.O. Box 320001
Montgomery, AL 36130

John A. Somerville IV
Revenue Commissioner of Pickens
County
PO Box 447
Carrollton, AL 35447

American Healthtech
574 Highland Colony Pkwy
Ridgeland, MS 39157

Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, Alabama 35203

Columbus Paper & Chemical, Inc.
2786 Military Road
Columbus, MS 39705

U.S. Food Service
9399 West Higgins Road
Suite 500
Rosemont, IL 60018

Centurylink Communications
Cio Ct Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

City of Reform
Water and Sewer Dept.
104 Third Avenue SE
Reform, AL 35481

Alabama Nursing Home Association
Self Insurance Trust Fund dba
"CareComp"
c/o Tom Roper
4156 Carmichael Road
Montgomery, AL 36106

Hamilton Insurance Agency
4100 Monument Corner Dr., #500
Fairfax, VA 22030

Alan J. Zuccari, Inc. T/A
Hamilton Insurance Agency
c/o Robert Schumann, ASLI
4100 Monument Corner Dr., Ste
500
Fairfax, VA 22030

Richard Delaney Hughes
Transportation
228 Manning Road
Aliceville, AL 35442

Johnston Barton Proctor & Rose
800 Shades Creek Pkwy Ste 400
Birmingham, AL 35209

Overall Supply, Inc.
823 East Gate Drive Unit #2
Mt. Laurel, NJ 08054

Platinum Healthcare Services,
LLC C/O
CT Corporation System
2 North Jackson St., Ste 605
Montgomery, AL 36104

Pitney Bowes
C/O CT Corp System
2 North Jackson St., Ste 605
Montgomery, AL 36104

Alabama State Health Planning
and Development Agency
100 North Union Street, Ste 870
Montgomery, AL 36104

Alabama Department
of Public Health
c/o Brian Hale
201 Monroe Street, Ste 1540
Montgomery, AL 36104

Alabama Medicaid Agency
501 Dexter Ave.
PO Box 5624
Montgomery, AL 36103-5624

Centers for Medicare &
Medicaid Department of Health
and Human Services
Attn: Regional General Counsel
Sam Nunn
Atlanta Federal Center
61 Forsyth St., S.W., Ste 5M60
Atlanta, GA 30303-8909

Humana
P.O. Box 14601
Lexington, KY 40512-4601

Summit Health & Rehab
4109 Hwy 98 W
P. 0. Box 579
Summit, MS 39666

Sullivan Supply, Inc.
107 1st Ave E
Reform, AL 35481

Turenne Pharmedco, Inc.
c/o Holbrook Reid
Ball, Ball, Matthews & Novak,
PA
PO Box 2148
Montgomery, AL 36102-2148

and

Turenne Pharmedco, Inc.
do Roger Turenne
365 Industrial Park Blvd.
Montgomery, AL 36117

Traylor Porter Health Care
Management
PO Box 68
Opelika, AL 36801

Watchdog Document Services
2031 62nd Avenue
Tuscaloosa, AL 35401

First Insurance Funding Corp
C/O CT Corp System
2 North Jackson St., Suite 605
Montgomery, AL 36104

Wagner Johnston & Rosenthal
PC 5855 Sandy Springs Cir NE
#300 Atlanta, GA 30328

York Drug, Inc.
583 4th Ave
York, AL 36925

Lincoln National Life Ins.Co.
100 N Greene Street
Greensboro, NC 27401

Sparks Storage
6612 University Blvd E,
Cottondale, AL 35453

St. Francis in the Park
1900 New York Ave,
Superior, WI 54880

Unicare
C/O CT Corp System
2 North Jackson St., Suite 605
Montgomery, AL 36104

UC Acquisition Corp. dba
Unicare
c/o Bill Bensinger
1600 Wells Fargo Tower
420 20th Street North
Birmingham, AL 35203

Fireside House of Centralia
1030 M L King Dr
Centralia, IL 62801

Discover Card Business
P.O. Box 30943
Salt Lake City, UT 84130

Leroy Hill Coffee Co
c/o Dan Buckley
3278 Halls Mill Rd
Mobile, AL 36606

Five Rivers Management LLC
c/o Daren Douston
11371 South Bridge Parkway
Alpharetta, Georgia 30022

Alabama Nursing Home
Association
4156 Carmichael Road
Montgomery, AL 36106

Stericycle
C/O CT Corp System
2 North Jackson St., Suite 605
Montgomery, AL 36104

Ricoh Corporation
C/O The Corporation Company
60 Commerce St
Montgomery, AL 36103

Arbor Woods Health & Rehab
515 2nd Ave NW
PO Box 400
Reform, AL 35481

RJ Young Company
809 Division St.
Nashville, TN 37203

Duncan Services, Inc.
c/o Jim Duncan
201 Magnolia Street
Valley, AL 36864

Airgas USA, LLC
C/O CT Corp System
2 North Jackson St., Suite 605
Montgomery, AL 36104

Dixon Hughes Goodman
C/O CT Corp System
2 North Jackson St., Suite 605
Montgomery, AL 36104

Harmon, Dennis, Bradshaw, Inc.
7115 Halcyon Summit Dr
Montgomery, AL 36117

ECOLAB
C/O CT Corporation System
2 North Jackson St., Ste 605
Montgomery, AL 36104

Northland Communications Corp.
C/O CSC Lawyers Incorporating
Srvc Inc
150 South Perry Street
Montgomery, AL 36104

Pickens County Herald
PO Box 390
Carrollton, AL 35447

Quill Corporation
C/O CT Corporation System
2 North Jackson St., Ste 605
Montgomery, AL 36104

Earthlink Business Co.
c/o National Registered Agents Inc
2 North Jackson Street Ste 605
Montgomery, AL 36104

Self Maples & Copeland
1601 2nd Ave E
Oneonta, AL 35121

                                        _s/ J. Leland Murphree_____
                                        OF COUNSEL

# EXHIBIT A

# **PROPOSED ORDER**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,**

        **Plaintiff,**

    **v.**

**SALEM NURSING & REHAB CENTER OF REFORM, INC., THE MEDICAL CLINIC BOARD OF THE CITY OF REFORM, ALABAMA, and ALTACARE CORPORATION,**

        **Defendants.**

**Case No. 2:11-cv-01509**

## ORDER GRANTING JOINT MOTION TO TERMINATE AND DISCHARGE RECEIVER AND RELATED RELIEF

Upon consideration of the *Joint Motion to Terminate and Discharge Receiver and Related Relief* (the "Motion") filed by movants Derek Pierce of Healthcare Management Partners, LLC, as the court-appointed receiver in this action (the "Receiver"), and The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee (the "Indenture Trustee", together with the Receiver, the "Movants"), seeking entry of an order authorizing the final disbursements of funds of the Receivership Estate, terminating and discharging the Receiver from any and all further duties as Receiver and other relief; and the Court having considered the

Motion, and the arguments of counsel made, the entire file, and it appearing that the legal and factual bases set forth in the Motion, including, but not limited to, the Receiver's fulfillment of his obligations under the Receivership Order to preserve the assets of the Health Care Premises[1] and to make required payments to the Indenture Trustee under the Bonds, Indenture and Mortgage constitute just cause for the relief granted herein; and it appearing that the relief granted herein is in the best interests of the Receivership Estate, its creditors, the Receiver and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED,** and **DECREED** that:

1.    The Motion is **GRANTED**.

2.    All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3.    The amendment to the Settlement is approved, the Lump Sum Payment shall be released to Receiver by Receiver's counsel and distributed in accordance with this Order, and the Defendants shall have completed all of their payment obligations under the Settlement Agreement.

---

[1] All capitalized terms not expressly defined herein have the meaning ascribed to them in the Receivership Order.

4.     To the extent the Receiver is in possession of any remaining *de minimis* assets, the Receiver may return these remaining *de minimis* assets to the Defendants.

5.     A final omnibus fee hearing will be held on _____, 2017 at \_\_\_\_ (prevailing Central Time) (the "Final Fee Hearing").  Not later than twenty-one (21) days prior to the Final Fee Hearing, Receivership Estate professionals shall file final requests for allowance and payment of all fees and expenses incurred during the case (the "Final Fee Applications") so as to be heard at the Final Fee Hearing.  Any and all objections to a Final Fee Application shall be filed and served on counsel for the Movants and the firm submitting the application within ten (10) days of service of the Final Fee Application (the "Final Fee Application Objection Deadline").  In the event no objection is timely filed, the Final Fee Application shall be deemed granted without further order of the Court upon the filing of a certificate of no objection by party that filed the Final Fee Application.

6.     The Receiver shall pay all approved, final Receivership Estate professional fees and expenses within fourteen (14) days of the entry of the Order approving same.  In the event no objection to a Final Fee Application is filed by the Final Fee Applications Objection Deadline, then the Receiver shall pay all approved, final Receivership Estate professional fees and expenses within fourteen (14) days of the Final Fee Applications Objection Deadline.

4810-5492-7955.2                                    3

7.   Within three (3) days of paying all approved, final Receivership Estate professional fees and expenses, the Receiver shall remit the balance of the Receivership Estate's funds to the Indenture Trustee.

8.   The distribution provided for in the Motion and this Order is binding on all creditors and parties in interest and all creditors and parties in interest are barred from asserting claims against the Receivership Estate or the Receiver on account of the distributions set forth in the Motion and this Order.

9.   Within __ (___) days of the date of the Final Fee Hearing, the Receiver shall file a certificate (the "Certificate"), a copy of which is attached hereto, attesting to the completion of these requirements.

10.   Upon the Receiver's filing of the Certificate with the Court:

   (i)   the receivership established by the Court's March 18, 2014 order appointing the Receiver (the "Receivership Order") shall be terminated without further order of the Court;

   (ii)   the Receivership Estate shall be deemed fully administered and liquidated;

   (iii)   the Receiver's authority to manage, operate, or control the assets of the Health Care Premises or any other property that formed part of the Receivership Estate shall be terminated without further order of the Court;

(iv)   the Receiver shall dispose of and/or destroy all records of the Receivership Estate in the possession and control of the Receiver or his agents within thirty (30) of the filing of the Certificate;

(v)   the Receiver shall be relieved of any further obligation or duty with respect to the assets of the Health Care Premises or any other property that formed part of the Receivership Estate without further order of the Court;

(vi)   the Receiver and all Receivership Estate professionals shall be fully and forever released and discharged from any and all liability for acts taken pursuant to and in furtherance of the Receivership Order without further order of the Court.  This release includes, but is not limited to, any and all claims, cross-claims, counterclaims, causes, damages, actions, of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden, in law or in equity, which any person, entity or party has or will have against the Receiver and/or any Receivership Estate professional and/or their affiliates on account of, arising, or resulting from, or in any manner incidental to, the receivership, the Receiver's actions in

his capacity as Receiver, the Receiver's possession and/or use of the Health Care Premises or any other property that formed part of the Receivership Estate, the administration of the Receivership Estate, and/or any other acts or omissions of the Receiver;

(vii)   any bond posted by the Receiver shall be terminated, and any previously paid, unearned premiums relating thereto shall be refunded to the Estate; and

(viii)  this case shall be dismissed, costs to be taxed as paid without further order of the Court.  Any and all pending motions not previously ruled upon shall be deemed denied.

SO ORDERED this __ day of _____, 2017.

_____
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., | |
| Plaintiff, | |
| v. | Case No. 2:11-cv-01509 |
| SALEM NURSING & REHAB CENTER OF REFORM, INC., THE MEDICAL CLINIC BOARD OF THE CITY OF REFORM, ALABAMA, and ALTACARE CORPORATION, | |
| Defendants. | |

## CERTIFICATE PURSUANT TO ORDER GRANTING JOINT MOTION TO TERMINATE AND DISCHARGE RECEIVER AND RELATED RELIEF

On _____, 201_, the Court entered an *Order Granting Joint Motion to Terminate and Discharge Receiver and Related Relief* [Docket No. ___] (the "Termination Order"). Pursuant to the terms of the Termination Order, Derek Pierce of Healthcare Management Partners, LLC, as court-appointed receiver (the "Receiver"), certifies as follows:

1.     To the best of the Receiver's knowledge, the Receiver has complied with all of his obligations under the Receivership Order.

4810-5492-7955.2

2.      The Receiver has paid all approved, final Receivership Estate professional fees and expenses.

3.      The Receiver has paid the balance of funds in the Receivership Estate after payment of all approved, final Receivership Estate professional fees and expenses to the Indenture Trustee.

Respectfully submitted this the __ day of _____, 201_.

/s/_____
J. Leland Murphree
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Phone:      (205) 254-1000
Fax:         (205) 254-1999
E-mail: lmurphree@maynardcooper.com

*Counsel for the Receiver*