FILED
2017 Nov-08 AM 10:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as Indenture Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>SALEM NURSING & REHAB CENTER OF REFORM, INC., THE MEDICAL CLINIC BOARD OF THE CITY OF REFORM, ALABAMA, and ALTACARE CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:11-cv-01509-TMP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FIFTH FEE APPLICATION FOR COMPENSATION AND EXPENSES FOR MAYNARD, COOPER & GALE, P.C.

*Part I: Cover Sheet*

1. Name of Applicant:      Maynard, Cooper & Gale, P.C.
   1901 6th Avenue North
   2400 Regions/Harbert Plaza
   Birmingham, AL  35203

2. Date of Order Appointing Receiver (the "Order"):   March 18, 2014.

3. For: Professional Services Provided by the Receiver Pursuant to the Order.

4. Period for Which Compensation is Sought: October 1, 2016 through October 31, 2017 (the "Application Period").

   (a) Amount of Fees Sought:           $13,076.00

   (b) Number of Hours Expended:              44.0 hours

   (c) Average Hourly Rate:            $297.18/hr.

   (d) Amount of Expenses Sought:             $17.25

   (e) A retainer of $0.00 has been received in this case.

04201511.2

5. This is an Interim Application.

6. Excluding the instant Application, the aggregate amount of fees and expenses requested but not yet approved to date: $0.00.

7. The aggregate amount of fees and expenses requested and already paid: $312,109.11.

8. The aggregate amount of fees and expenses requested but not yet paid to date: $0.00.

*Part II: Narrative Summary*

1. Person(s) who performed the services covered by this Application:

By authority granted in the Order, the Receiver retained the law firm of Maynard, Cooper & Gale, P.C. to assist in the fulfillment of the Receiver's duties under the Order. The professionals and paraprofessionals listed below have provided services to the Receiver in connection with the receivership matter:

| Name | Position | Discounted Billable Rate 2016/2017 | Time | Total |
|---|---|---|---|---|
| Leland Murphree | Shareholder | $305.00 | 21.2 hours | $6,466.00 |
| Ryan Thompson | Associate | $285.00/$300.00 | 21.8 hours | $6,393.00 |
| Andrew Shaver | Associate | $225.00 | .8 hours | $180.00 |
| Andrea Prince | Paralegal | $185.00 | 0.2 hours | $37.00 |
| **TOTAL** | | | **44.0 hours** | **$13,076.00** |

Applicant has provided substantial services to the Receiver in connection with the Receiver's service in the above-stated matter, including significant court time and preparation, drafting of motions, marshaling, preserving and protecting the Health Care Premises (as defined in the Order), advising on regulatory compliance, selling the Health Care Premises and transferring ownership thereof, evaluating and prosecuting claims of, and against, the Receivership Estate and advising the Receiver on various issues regarding compliance with his duties and obligations under the Order. A detailed summary of hours expended and matters performed by Applicant's professionals and paraprofessionals is attached hereto as <u>Exhibit 1</u>.

2. Applicant requests that the Court approve the fees and expenses requested in this Fee Application, which were incurred in the 13 month period between October 1, 2016 and September October 31, 2017, to be paid by the Receiver to Applicant from funds received or collected and held by the Receiver in connection with his duties under the Order. Applicant avers that the hourly rates set forth herein are the same rates it charges for other clients, or, as reflected above, represent discounts of the rates the professionals set forth above charge for other clients, and that said fees are considered fair and reasonable in the community.

3.     Applicant submits this Application pursuant to the Order. In determining the allowance of attorneys' fees and reimbursement of expenses, the Eleventh Circuit has concluded that the Court must: (1) determine the nature and extent of the services rendered; (2) determine the value of those services; and (3) consider the twelve factors adopted by the Eleventh Circuit. *See Grant v. Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990); *Norman v. The Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Applicant has addressed each of these issues separately below.

### I.     Nature and Extent of the Services Rendered

Since the date of appointment, Applicant has participated in all aspects of the Receivership. As more fully described in the detailed billing records contained herein, Applicant has assisted the Receiver in the following: enforcing the Defendants' turnover of assets and records of the Receivership Estate and compliance with the Order; advising the Receiver on compliance with his duties and obligations under the Order and applicable law; advising and representing the Receiver in connection with complex regulatory issues and negotiations with state and federal regulators and assisting the Receiver with regulatory filings; marketing, negotiating, auctioning and selling and transferring the Health Care Premises free and clear of liens, claims and encumbrances in accordance with state and federal law; negotiating and drafting agreements with the manager of the Health Care Premises and third party vendors; establishing and obtaining Court approval of claims administration and distribution processes; evaluating and dealing with claims and causes of action against the Receivership Estate; and evaluating and prosecuting claims and causes of action of the Receivership Estate against third parties.

### II.     Value of Services

An objective estimate of value of the services for an attorney is determined by multiplying the number of hours reasonably expended by the attorney's reasonable hourly rate. *Grant*, 908 F.2d at 878; *Norman*, 836 F.2d at 1299. This estimate is referred to as the "lodestar" method. The attorney's reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys of reasonably comparable skill, experience and reputation.

During the course of Applicant's service, Applicant utilized lawyers and legal assistants with different skills and expertise, as necessary. The hourly rates of these professionals reflect the differing skills and experience of its lawyers and are in conformity with the prevailing market rates of this legal community for attorneys with comparable skill and experience. The skill and experience of Applicant's attorneys has been of benefit to the parties hereto, and the complexity and difficulty of the issues involved in this case warrant the full allowance of fees requested for the services performed by Applicant.

As reflected in Part I, above, Applicant has voluntarily applied discounts and is requesting that it be compensated at its "preferred" rates, which are much lower than its standard hourly rates. Applicant's rates were increased effective January 1, 2017 in accordance with Applicant's 2017 standard rate increases, applicable to all attorneys and paraprofessionals.

### III. Twelve Factors Applied by the Eleventh Circuit in Determining the Reasonableness of Rates and Hours.

i. *Time and Labor Required:* Applicant has attached detailed itemized records of the time expended by Applicant's professionals and paraprofessionals, reporting the substance and time of every transaction performed. Applicant asserts that the time and labor required are requisite and reasonable for the efforts expended in this case. Applicant brings to the Court's attention the broad range of results that it has accomplished in a very short period of time, the added time necessary to take over and sell heavily regulated assets, the Defendants' efforts to interfere with and exercise control over the Receiver's actions, and the evaluation, prosecution and settlement of a wide range of claims and causes of action asserted by the Receiver against third parties.

ii. *Novelty and Difficulty:* Many of the issues arising in this case have been complex, time-consuming, and disputed by one or more of the parties to the receivership proceeding. Applicant has dealt with novel and difficult questions in this case that warrant the full allowance of the fees requested for the services performed. Applicant has negotiated and resolved complex regulatory issues with state and federal regulators and quickly sold the Health Care Premises free and clear of liens, claims and encumbrances via a stalking horse auction, all of which involved complex issues. Applicant devoted significant time and effort to establishing, obtaining Court approval of, and implementing claims administration and distribution processes and resolving claims of lienholders in a priority dispute. Lastly, Applicant evaluated, prosecuted and settled complex claims and causes of action of the Receivership Estate against third parties and evaluated strategy with respect to payment defaults under settlement agreement and rights thereunder.

iii. *Skills Requisite to Perform Services Properly:* A high level of skill across a broad range of disciplines has been necessary to render the required services to the Receiver and demanded by the complex issues present in this difficult matter. When possible, Applicant has made every effort to delegate matters not requiring more experienced attorneys to younger, less experienced attorneys for more cost-effective representation. Moreover, Applicant has been careful to

        avoid duplication of effort with other professionals. However, given the threats to the Receivership Estate, complex and disheveled affairs left behind by the prior owner/operator of the Health Care Premises, pressure from regulators, need to achieve substantial results within a very short period of time due to financial and regulatory constraints on the Receivership Estate, complexity of closing the sale of the Health Care Premises, implementing a claims administration and distribution processes, and prosecuting and settling claims and causes of action of the Receivership Estate against third parties and addressing payment defaults under settlement agreement, this matter required the substantial attention of experienced and skilled attorneys.

iv. *Preclusion from Other Employment:* Applicant's devotion to this case has, at times, caused Applicant to be precluded from devoting the same time to other clients who pay for services rendered on a no-risk current basis. The services provided to the Receiver have not caused conflicts of interest to occur.

v. *Customary Fee:* The hourly rates set out herein are the rates Applicant typically charge (and in fact, reflect reductions in the rates typically charged), and said fees are considered fair and reasonable in the community.

vi. *Fixed or Contingent Fee:* The fee is not contingent, other than the estate's ability to pay and approval from this Court, and no amount of the fee has been guaranteed by a third party.

vii. *Time Limitations Imposed by Circumstances:* Given the need to seize control of the Health Care Premises, ensure regulatory compliance, continue providing a high quality of care to the residents of the Health Care Premises, deal with the financial and regulatory constraints on the Receivership Estate, and administer and prosecute claims of and against the Receivership Estate in a manner that would allow for the prompt wind down of the Receivership Estate, Applicant has had to assist the Receiver in obtaining the Receiver's goals as quickly as possible.

viii. *Amount Involved and Results Obtained:* As a result of Applicant's efforts, the Receiver has preserved and liquidated the Health Care Premises, has collected accumulated cash from accounts receivable in excess of $500,000 and collected gross proceeds from the Sale of the Health Care Premises in excess of $3,600,000. Further, the Receiver has prosecuted, mediated and settled claims of the Receivership Estate against certain Defendants and third parties, as well as claims of such parties against the Receivership Estate,

    resulting in present and future cash payments to the Receivership Estate totaling approximately $165,000, the release of administrative claims against the Receivership Estate in excess of $130,000, and the further release of disputed claims filed with the Receivership Estate in excess of $1,000,000. Applicant's prompt resolution of claims of, and against, the Receivership Estate will allow the Receivership Estate to wind down sooner and will save the Receivership Estate thousands of dollars in litigation costs and professional fees.

ix. *Experience, Reputation and Ability of Professionals:* Applicant's professionals have a wealth of experience in bankruptcy, receiverships, litigation, health care regulations and transactions and general corporate matters.

x. *Undesirability of the Case:* This factor is generally not applicable to the case at bar, however, there is some risk associated with the failure of the assets of the Receivership Estate to yield sufficient funds to pay Applicant, as well as multiple threats by the Defendants to file for bankruptcy.

xi. *Nature and Length of Professional Relationship with the Client:* Applicant has assisted the Receiver in the fulfillment of his duties since the Receiver's appointment by this Court in its Order Appointing Receiver dated March 18, 2014.

xii. *Awards in Similar Cases:* Applicant relies on this Court's experience and knowledge with respect to fee awards in similar cases. Applicant believes that the fees it seeks to have awarded as a result of this Application are comparable to those awarded in similar cases of this complexity and difficulty.

## *Part III: Project Summary Sheet – Project One*

1. Project Title: General Receivership Support and Case Administration

2. General Nature of the Project and Circumstances Involved:

   a. Represent the Receiver in matters pending before this Court, including court appearances and preparation for same.

   b. Advise the Receiver on compliance with his obligations under the Order and applicable law.

   c. Advise the Receiver on complex regulatory issues, communicate with regulators and assist with preparation of regulatory filings.

   d. Advise the Receiver on multiple issues arising out of the turnover and operation of the Health Care Premises, including tax and bond financing issues, insurance issues, utilities, bank accounts, and employment issues.

   e. Communications with Defendants, the Trustee and their counsel on various aspects of the receivership.

   f. Marshal and protect the assets and records of the Receivership Estate and enforce Defendants' compliance with the Order, including enforcing the turnover of assets and records, compelling Defendants from negotiating the sale of the Health Care Premises outside of the Receivership, compelling Defendant Altacare from interfering with essential operations of the Health Care Premises.

   g. Negotiate agreements between the Receiver and professionals, a manager of the Health Care Premises and third-party vendors to ensure the independent and unhindered operation of the Health Care Premises.

   h. Structure and implement procedure to identify and evaluate and administer claims against, and distributions from, the Receivership Estate; obtain Court approval of the same.

   i. Evaluate and respond to claims against the Receivership Estate and advise on distributions.

3. Amount of the requested fee assigned to this project: $4,482.50

4. Amount of time attributable to this project: 15.2 hours

5. Amount of expenses assigned to this project: $17.25

6. Professional(s) performing services covered by this application:

| Name | Position | Discounted Billable Rate 2016/2017 | Time | Total |
|---|---|---|---|---|
| Leland Murphree | Shareholder | $305.00 | 3.8 hours | $1,159.00 |
| Ryan Thompson | Associate | $285.00/$300.00 | 10.4 hours | $3,106.50 |
| Andrew Shaver | Associate | $225.00 | .8 hours | $180.00 |
| Andrea Prince | Paralegal | $185.00 | .2 hours | $37.00 |
| **TOTAL** | | | **15.2 hours** | **$4,482.50** |

7. Statement regarding objectives, reasonableness and necessity of this project: As more fully described in the detailed time entries, the objective of this project was the continued support of the Receiver in fulfillment of his duties under the Order.

8. Disposition of the project: This project will remain ongoing throughout the duration of Applicant's retention by Receiver.

9. Particular problems or difficulty encountered: Complex regulatory issues arising out of varying interpretations by regulators on the impact of the Receiver's appointment on the licensure of the Health Care Premises and the reimbursement to the Facility. Transfer Health Care Premises to manager and obtain assistance of Defendants with transfer. Structuring and implementing claims administration and distribution procedure for efficient administration of estate claims and distribution of assets.

10. Explanation of Expenses: Copy, scan and printing charges. Fax/postage costs for service of pleadings. Long distance phone calls and conference call services for communications with Receiver, regulators and other parties to this case. Publication costs for notices required by Court orders.

***Part III: Project Summary Sheet – Project Two***

1. Project Title: Evaluation and Liquidation of Estate Claims and Causes of Action

2. General Nature of the Project and Circumstances Involved: Assist Receiver with identifying, evaluating, prosecuting, mediating and settling claims and causes of action of the Receivership Estate. Research law on claims and causes of action. Review records and books turned over by Defendants. Interview multiple firms for retention as potential special counsel to prosecute claims of Receivership Estate. Draft correspondence, pleadings, mediation position papers, settlement documentation. Petition Court for approval of settlement. Monitoring status of settlement payments, addressing payment defaults under settlement agreement and negotiating resolutions therefor.

3. Amount of the requested fee assigned to this project: $5,918.00

4. Amount of time attributable to this project: 19.6 hours

5.  Amount of expenses assigned to this project: $0.00

6.  Professional(s) performing services covered by this application:

| Name | Position | Discounted Billable Rate 2016/2017 | Time | Total |
|---|---|---|---|---|
| Leland Murphree | Shareholder | $305.00 | 16.6 hours | $5,063.00 |
| Ryan Thompson | Associate | $285.00/$300.00 | 3.0 hours | $855.00 |
| Andrea Prince | Paralegal | $185.00 | 0.0 hours | $0.00 |
| TOTAL | | | 19.6 hours | $5,918.00 |

7.  Statement regarding objectives, reasonableness and necessity of this project: As more fully described in the detailed time entries, the objective of this project was to assist the Receiver with evaluating, prosecuting and recovering on claims and causes of action of the Receivership Estate against third parties and dealing with payment defaults under the settlement agreement.

8.  Disposition of the project: The Receiver made demand upon certain Defendants and third parties for accounts receivable and damages owed to the Receivership Estate arising out of the management of the Health Care Premises prior to the Receiver's appointment. The parties entered into multiple tolling and standstill agreements to permit time to explore settlement. Applicant mediated the dispute over two days, negotiated and executed a settlement agreement, and obtained this Court's approval of the settlement. The settlement will result in cash payments to the Receivership Estate totaling approximately $165,000, the release of administrative claims against the Receivership Estate in excess of $130,000, and the further release of disputed claims filed with the Receivership Estate in excess of $1,000,000, ultimately allowing the Receivership Estate to wind down sooner and saving the Receivership Estate substantial litigation costs and professional fees.

9.  Particular problems or difficulty encountered: Defendants' complex network of affiliates, records and transactions and layers of regulatory issues associated with operations of Health Care Premises added complexity to the analysis of these issues. Defendants' payment defaults under the settlement agreement.

10. Explanation of Expenses: Copy, scan and printing charges. Fax/postage costs for service of pleadings. Long distance phone calls and conference call services for communications with Receiver, potential special counsel and other parties to this case. Travel expenses incurred to meet with potential special counsel.

*Part III: Project Summary Sheet – Project Three*

1.  Project Title: Employment and Fee Applications

2. General Nature of the Project and Circumstances Involved: Advise and assist the Receiver with the employment of professionals and preparation of fee applications for the Receiver, Applicant and the Receiver's accountants. Reviewing and breaking down invoices of Receiver, Applicant and the Receiver's accountants. This project includes time spent on older fee applications that could not be billed until now.

3. Amount of the requested fee assigned to this project: $2,675.50

4. Amount of time attributable to this project: 9.2 hours

5. Amount of expenses assigned to this project: $0.00

6. Professional(s) performing services covered by this application:

| Name | Position | Discounted Billable Rate 2016/2017 | Time | Total |
|---|---|---|---|---|
| Leland Murphree | Shareholder | $305.00 | .8 hours | $244.00 |
| Ryan Thompson | Associate | $285.00/$300.00 | 8.4 hours | $2,431.50 |
| Andrea Prince | Paralegal | $185.00 | 0.0 hours | $0.00 |
| **TOTAL** | | | **9.2 hours** | **$2,675.50** |

7. Statement regarding objectives, reasonableness and necessity of this project: As more fully described in the detailed time entries, the objective of this project was the continued support of the Receiver in fulfillment of his duties under the Order by preparing and obtaining approval of fee applications for the Receiver and his attorneys and accountants.

8. Disposition of the project: This project will remain ongoing throughout the duration of the Receivership.

9. Particular problems or difficulty encountered: None.

10. Explanation of Expenses: N/A.

Respectfully submitted this the 8th day of November, 2017.

/s/ *J. Leland Murphree*
J. Leland Murphree
One of the Attorneys for the Receiver

**OF COUNSEL:**
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618

04201511.2

10

Tel:   (205) 254-1000
Fax:   (205) 254-1999

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following parties via U.S. Mail, and/or electronically through the CM/ECF system on this the 8th day of November, 2017.

**VIA ECF:**

Lee Benton
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, Alabama 35203

Larry B. Childs
WALLER LANSDEN DORTCH &
DAVIS, LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203

Ryan K. Cochran
Blake Roth
Kathleen Steinberg
WALLER LANSDEN DORTCH &
DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219

United States Attorney
Northern District of Alabama
Attn: Richard O'Neal
1801 4th Avenue North
Birmingham, Alabama 35203

Reed Bates
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL 35259

Alabama Department of Revenue
Sales and Use Tax Division
50 North Ripley St
Montgomery, AL 36132Alabama

Kelley Askew Gillikin
Assistant Counsel
Alabama Department of Revenue
3114 Gordon Persons Building
50 North Ripley Street
P.O. Box 320001
Montgomery, AL 36130-0001

**VIA U.S. MAIL:**

William Thomas
Internal Revenue Service
1919 Smith – Stop 5022 HOU
Houston, TX 77002

Internal Revenue Service
Insolvency Office
801 Broadway - Mail Stop 146
Nashville, TN 37203-3816

Alabama Department of Revenue
Collection Services Division
50 North Ripley St
Montgomery, AL 36132

Alabama Department of Revenue
Collection Services Division
PO Box 327820
Montgomery, AL 36132

Department of Revenue
Sales and Use Tax Assessment Unit
PO Box 327720
Montgomery, AL 36132

John A. Somerville, IV
Pickens County Revenue Commissioner
P.O. Box 447
Carrolton, AL 35447

/s/ J. Leland Murphree
Of Counsel

# **EXHIBIT 1**

## **(INVOICE)**



# MAYNARD
## COOPER GALE

FEDERAL I.D. 63-0864426

Remit to:
Maynard Cooper & Gale
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618



Healthcare Management Partners, LLC
Derek Pierce, as Receiver
1919 Oxmoor Road, Suite 394
Birmingham, AL 35209

Invoice No:   1054375
Invoice Date: 11/07/17
Client No:    17207
Matter No:    0002

RE: Salem Nursing Home Receivership (Reform)

For Legal Services Rendered Through 10/31/17

Fees                                    $13,076.00
Expenses                                    $17.25

**Total This Invoice**                  **$13,093.25**

17207-0002                                                                                                        November 7, 2017
Salem Nursing Home Receivership (Reform)                                                                          Page 2

Healthcare Management Partners, LLC                              Invoice No:    1054375
Derek Pierce, as Receiver                                        Invoice Date:  11/07/17
1919 Oxmoor Road, Suite 394                                      Client No:     17207
Birmingham, AL  35209                                            Matter No:     0002

RE: Salem Nursing Home Receivership (Reform)

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 10/03/16 | R. Thompson | 0.10 | Preparing receiver fee application. |
| 10/06/16 | R. Thompson | 0.90 | Revising fee application. |
| 10/07/16 | R. Thompson | 0.10 | Preparing fee app. |
| 10/10/16 | R. Thompson | 0.90 | Revising fee application. |
| 10/12/16 | R. Thompson | 0.20 | Preparing fee application. |
| 10/13/16 | R. Thompson | 0.20 | Finalizing fee application. |
| 10/14/16 | R. Thompson | 0.70 | Finalizing MCG fee app. |
| 10/17/16 | R. Thompson | 0.20 | Reviewing status of fee app. |
| 10/18/16 | R. Thompson | 0.50 | Preparing receiver fee app. |
| 10/18/16 | R. Thompson | 0.20 | Preparing motion to terminate receivership. |
| 10/19/16 | A. Prince | 0.20 | Review text order and revise database with deadline to oppose Trustee fee application for use in litigation. |
| 10/19/16 | J. Murphree | 0.20 | Attention to settlement payment and proration of same; emails with D Pierce and R Cochran. |
| 10/20/16 | R. Thompson | 0.10 | Reviewing status of fee apps. |
| 10/26/16 | R. Thompson | 0.10 | Reviewing status of receivership. |
| 10/27/16 | R. Thompson | 0.10 | Preparing wind-down motion. |
| 11/04/16 | R. Thompson | 0.10 | Attention to wind-down issues. |
| 11/07/16 | R. Thompson | 0.20 | Reviewing status of fee app. |
| 11/08/16 | R. Thompson | 0.10 | Finalizing proposed order granting MCG fee app. |
| 11/08/16 | R. Thompson | 0.50 | Finalizing Trustee fee app. |
| 11/08/16 | J. Murphree | 1.00 | Attention to the applications and disbursement of settlement proceeds to client; emails with client regarding same; Revise proposed order on Maynard Cooper Fee application; emails with Judge regarding same. |
| 11/09/16 | R. Thompson | 0.10 | Reviewing court order regarding fee app. |
| 11/09/16 | J. Murphree | 0.90 | Emails with L Benton regarding status of payment. Attention to court order on receiver fee application. Email with client regarding order approving Maynard Cooper Fees. |
| 11/10/16 | J. Murphree | 0.20 | Attention to receipt of monthly payment under settlement |
| 11/14/16 | J. Murphree | 0.20 | email with Bank counsel regarding balance of funds in estate. |
| 11/21/16 | R. Thompson | 0.20 | Reviewing status of trustee fee app. |
| 11/21/16 | J. Murphree | 0.30 | Emails with L Benton regarding status of settlement payment; emails with client regarding status fee applications. |
| 11/22/16 | R. Thompson | 0.10 | Finalizing order granting trustee fee app. |
| 11/22/16 | J. Murphree | 0.20 | Emails with court regarding order on receiver the application |
| 11/28/16 | R. Thompson | 0.10 | Reviewing status of receiver fee app. |
| 11/30/16 | J. Murphree | 0.40 | Phone call from court regarding order on receivers fee application; attention to same. Prepare for December one hearing. |
| 11/30/16 | R. Thompson | 0.30 | Reviewing court order granting receiver fees |

17207-0002                                                                                                                      November 7, 2017
Salem Nursing Home Receivership (Reform)                                                         Page 3

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 12/01/16 | J. Murphree | 2.00 | Prepare for and attend telephonic status conference; attention to strategy with wind down and collection of settlement payments; attention to NY and related litigation purportedly holding up settlement payments. |
| 12/01/16 | R. Thompson | 2.50 | Reviewing status of Mittleider's NY litigation. |
| 12/02/16 | R. Thompson | 0.30 | Reviewing status of litigation. |
| 12/02/16 | J. Murphree | 0.30 | Attention to status of New York litigation an impact on settlement payments. |
| 12/05/16 | R. Thompson | 0.10 | Attention to wind down issues. |
| 12/06/16 | J. Murphree | 0.50 | Phone call with L Benton regarding settlement issues and wind down issues ; attention to issues with same. |
| 12/08/16 | R. Thompson | 0.40 | Attention to wind-down issues/motion to terminate receivership. |
| 12/08/16 | R. Thompson | 0.40 | Preparing MCG final fee application. |
| 12/08/16 | J. Murphree | 0.20 | Attention to fee application and invoices. |
| 12/15/16 | J. Murphree | 0.20 | attention to receipt of settlement payment. |
| 12/16/16 | J. Murphree | 0.20 | Allocation of settlement payment. |
| 12/23/16 | J. Murphree | 0.30 | Attention to NY court order denying motion to enforce settlement and consider impact on final settlement payment and wind down timing. |
| 12/29/16 | R. Thompson | 0.10 | Reviewing status of receivership and wind-down. |
| 01/05/17 | J. Murphree | 0.50 | Attention to wind down issues and document destruction/preservation issues. |
| 01/11/17 | R. Thompson | 0.10 | Reviewing status of wind-down efforts. |
| 01/11/17 | J. Murphree | 0.30 | Attention to denial of settlement motion in NY litigation and impact on settlement payments; attention to nonpayment; emails with Lee Benton. |
| 01/13/17 | J. Murphree | 0.10 | Email with L Benton regarding alternatives for satisfying settlement payment. |
| 01/23/17 | J. Murphree | 0.20 | Emails with BNYM regarding settlement payments; attention to same. |
| 01/25/17 | J. Murphree | 0.30 | Attention to receipt and allocation of settlement payment; emails with D Pierce and BNYM regarding same. |
| 01/26/17 | R. Thompson | 0.10 | Reviewing status of receivership proceedings; attention to wind-down issues. |
| 01/26/17 | J. Murphree | 0.10 | Email with R Cochran regarding settlement payments. |
| 01/31/17 | J. Murphree | 0.10 | Attention to filing in NY litigation for impact on settlement. |
| 02/01/17 | R. Thompson | 0.20 | Reviewing status of receivership. |
| 02/01/17 | J. Murphree | 0.90 | Phone calls and emails with L Benton, D Pierce and R Cochran regarding NY litigation and impact on recovery of unpaid settlement payments; attention to issues with same; prepare for and attend status conference. |
| 02/06/17 | R. Thompson | 0.10 | Preparing status report. |
| 02/08/17 | R. Thompson | 1.10 | Preparing status report. |
| 02/10/17 | R. Thompson | 0.20 | Finalizing status report. |
| 02/17/17 | J. Murphree | 0.10 | Email with L Benton regarding status of settlement payment. |
| 02/23/17 | R. Thompson | 0.10 | Attention to status report. |
| 02/27/17 | J. Murphree | 0.10 | Emails with L Benton and R Cochran regarding status of settlement payment. |
| 02/27/17 | R. Thompson | 0.10 | Attention to status reports. |
| 02/28/17 | J. Murphree | 0.10 | Attention to receipt of settlement payment; email with R Cochran regarding same. |
| 03/03/17 | R. Thompson | 0.10 | Attention to wind-down of receivership. |
| 03/14/17 | R. Thompson | 0.10 | Attention to status of wind-down issues. |
| 03/23/17 | R. Thompson | 0.10 | Attention to status of wind-down issues. |
| 03/31/17 | J. Murphree | 0.10 | Email with L Benton regarding settlement payment. |

17207-0002
Salem Nursing Home Receivership (Reform)

November 7, 2017
Page 4

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 04/04/17 | J. Murphree | 0.10 | Email with R Cochran regarding settlement payments. |
| 04/07/17 | R. Thompson | 0.10 | Attention to wind-down of receivership. |
| 04/14/17 | J. Murphree | 0.20 | Attention to wiring settlement proceeds to D Pierce; emails with D Pierce. |
| 04/25/17 | R. Thompson | 0.10 | Attention to status of wind-down of receivership. |
| 05/01/17 | R. Thompson | 1.60 | Attention to status of settlement payments/revising status report. |
| 05/01/17 | J. Murphree | 1.00 | Prepare for status hearing; attention to settlement payments and wind down strategy; emails with L Benton and R Rochran. |
| 05/02/17 | J. Murphree | 1.00 | Prepare for and attend status hearing; attention to settlement payments and wind down strategy. |
| 05/03/17 | R. Thompson | 0.10 | Attention to status of wind-down of receivership. |
| 05/19/17 | J. Murphree | 0.30 | Phone call with R Cochran regarding mittleider payments and tax exempt bond issues. |
| 05/22/17 | J. Murphree | 0.10 | Email with L Benton regarding Mittleider payments. |
| 05/31/17 | J. Murphree | 0.20 | Emails and phone calls with L Benton and D Pierce regarding status of settlement payments. |
| 06/05/17 | J. Murphree | 0.10 | Attention to wire of settlement payment and allocation to accounts. |
| 06/06/17 | J. Murphree | 0.10 | Email with L Benton regarding settlement payment. |
| 06/13/17 | J. Murphree | 0.10 | Emails with BNYM about settlement payment. |
| 06/21/17 | J. Murphree | 0.10 | Email with L benton regarding status of payments. |
| 07/26/17 | R. Thompson | 0.10 | Reviewing status of wind-down efforts. |
| 08/10/17 | R. Thompson | 0.10 | Attention to wind-down efforts/status report. |
| 08/11/17 | J. Murphree | 0.10 | Email with R Cochran regarding settlement payment status. |
| 08/23/17 | J. Murphree | 0.20 | Attention to settlement payment and allocation. |
| 08/24/17 | J. Murphree | 0.20 | Emails with R Cochran regarding payment settlement status. |
| 08/30/17 | R. Thompson | 0.50 | Preparing fee application. |
| 08/30/17 | J. Murphree | 0.50 | Emails with R Cochran regarding settlement payments; emails with L Benton regarding status conference and settlement payments. |
| 09/05/17 | J. Murphree | 1.10 | Phone call with L Benton regarding settlement payments; phone call with R Cochran regarding settlement; emails with D Pierce; attention to settlement and wind down strategy. |
| 09/07/17 | J. Murphree | 0.10 | Emails with L Benton regarding payment. |
| 09/08/17 | R. Thompson | 0.70 | Reviewing/preparing status report. |
| 09/08/17 | J. Murphree | 0.20 | Meeting with D Pierce regarding moving forward with wind down; emails with L Benton regarding payment; attention to receipt of payment. |
| 09/11/17 | J. Murphree | 0.20 | Emails with L Benton, D Pierce and R Cochran regarding settlement payment. |
| 09/12/17 | J. Murphree | 0.10 | Emails with R Cochran regarding settlement payment. |
| 09/20/17 | J. Murphree | 0.10 | Meeting with L Benton regarding settlement payment resolution. |
| 09/21/17 | J. Murphree | 0.30 | Attention to wind down items and settlement strategy; phone call with R Cochran regarding wind down issues. |
| 09/25/17 | R. Thompson | 0.10 | Revising final MCG fee app. |
| 10/03/17 | J. Murphree | 0.10 | Email with L Benton regarding settlement payments. |
| 10/11/17 | J. Murphree | 0.40 | Phone call and emails with L Benton, BNYM and D Pierce regarding payment and settlement compromise; attention to same and dismissal strategy. |

17207-0002                                                                               November 7, 2017  
Salem Nursing Home Receivership (Reform)                                                    Page 5

| Date | Timekeeper | Hours | Narrative |
|---|---|---|---|
| 10/13/17 | J. Murphree | 0.40 | Phone call with D Pierce regarding wind down issues; emails with L Benton and D Pierce regarding settlement payment. |
| 10/16/17 | J. Murphree | 0.20 | Email with R Cochran regarding BNYM consent to reduced settlement; attention to same. |
| 10/17/17 | J. Murphree | 0.50 | Emails with BNYM, D Pierce and L Benton regarding agreement to compromise settlement payments; attention to revisions of motions to dismiss to address same. |
| 10/19/17 | R. Thompson | 0.40 | Attention to status of motion to terminate receivership; wind-down issues. |
| 10/23/17 | R. Thompson | 3.60 | Attention to status of motion to terminate receivership/related wind-down issues. |
| 10/24/17 | A. Shaver | 0.30 | Draft, edit and revise motion to terminate receivership. |
| 10/24/17 | R. Thompson | 0.40 | Revising motion to terminate. |
| 10/24/17 | R. Thompson | 0.10 | Revising final fee application. |
| 10/25/17 | A. Shaver | 0.50 | Draft, edit and revise motion to terminate receivership |
| 10/25/17 | R. Thompson | 1.60 | Preparing final fee applications. |
| 10/25/17 | J. Murphree | 1.00 | Attention to wind down issues, fee applications and MTD. |
| 10/26/17 | J. Murphree | 0.30 | Emails with R Cochran and L Benton regarding settlement compromise. |
| 10/29/17 | J. Murphree | 1.40 | Review and revise motion to dismiss; emails with D Pierce regarding fee applications; emails with R Cochran. |
| 10/31/17 | R. Thompson | 0.20 | Preparing final fee app. for Receiver. |
| 10/31/17 | J. Murphree | 0.50 | Attention to wind down; attention to payment of admin expenses, professional fees and final applications; emails with D Pierce, L Benton and R Cochran. |
|  | Total | 44.00 |  |

## Summary by Timekeeper

| Timekeeper | Position | Hours | Rate Billed | Fees Billed |
|---|---|---|---|---|
| J. Murphree | Shareholder | 21.20 | 305.00 | 6,466.00 |
| A. Prince | Paralegal | 0.20 | 185.00 | 37.00 |
| A. Shaver | Associate | 0.80 | 225.00 | 180.00 |
| R. Thompson | Associate | 21.80 | 293.26 | 6,393.00 |
|  | Total all timekeepers | 44.00 |  | 13,076.00 |

## Summary of Disbursements & Expenses

| | | |
|---|---|---|
| Copy Charges | (115 at $0.15) | 17.25 |
| Total for disbursements and expenses | | $17.25 |

**Total for services, disbursements and expenses**                                 **$13,093.25**

17207-0002 November 7, 2017
Salem Nursing Home Receivership (Reform) Page 6

## ACCOUNT SUMMARY

OUTSTANDING INVOICES AS OF 11/07/17

| Invoice | Date | Fees | Disbursements | Payments | Total |
|---|---|---|---|---|---|
| 1054375 | 11/07/17 | 13,076.00 | 17.25 | (0.00) | 13,093.25 |
| Total Due | | 13,076.00 | 17.25 | (0.00) | 13,093.25 |

## ACCOUNT AGING

| | |
|---|---|
| 0 – 30 Days | $13,093.25 |
| 31 – 60 Days | $0.00 |
| 61 – 90 Days | $0.00 |
| 91 – 120 Days | $0.00 |
| Over 120 Days | $0.00 |

# MAYNARD
## COOPER GALE

**STATEMENT**

| | |
|---|---|
| Invoice date: | 11/07/17 |
| Invoice number: | 1054375 |
| Client name: | Healthcare Management Partners, LLC |
| Matter number: | 17207-0002 |

| | |
|---|---|
| Total services billed this invoice | $13,076.00 |
| Total disbursements billed this invoice | $17.25 |
| TOTAL DUE THIS INVOICE | $13,093.25 |

TERMS:  PAYMENT DUE UPON RECEIPT
PLEASE RETURN THIS PAGE WITH YOUR REMITTANCE